```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
                 06-CR-62(02)(JMR)
```

United States of America      )
                              )
    v.                         )       ORDER
                              )
Peng Thao                     )

Peng Thao moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the motion is denied. No Certificate of Appealability will issue.

I. <u>Background</u>

On January 30, 2006, police executed a search warrant for the home petitioner shared with family members. Thao was not present during the search. In Thao's bedroom, investigators found, and seized, 192 grams of methamphetamine, along with thousands of dollars in U.S. currency and other paraphernalia associated with drug dealing. Thao was arrested on February 1. On February 26, a grand jury indicted him and his brother-in-law, Teng Vang, on controlled substance charges. James Ostgard was appointed as Thao's counsel.

On April 16, 2006, Thao moved to suppress the items seized during the search. He claimed the search was conducted in violation of his Fourth and Fifth Amendment rights. The matter was heard by the Honorable Arthur J. Boylan, United States Magistrate Judge, who recommended petitioner's motion be denied. Thao objected. After a de novo review, this Court adopted the Report

and Recommendation on June 12, 2006.

All parties jointly moved to continue the start of trial. On August 1, the Court granted the motion, finding on the record that a continuance served the ends of justice and outweighed the public's and the petitioner's interest in a speedy trial. On August 8, the grand jury returned a superseding indictment, naming Thao as the only defendant.

On August 22, trial began. The trial evidence included testimony of the investigating officers and those who conducted the search, as well as testimony from an informant, Robert Vandeveer. Vandeveer testified to purchasing drugs from Vang on several occasions. Vandeveer participated in two controlled buys from Vang; the "buy money" from one of those transactions was included in the cash seized from Thao's bedroom.

Vandeveer was wired during the transactions. Listening to the wire, law enforcement heard Vang tell Vandeveer that his brother-in-law, who lived with him, could get large quantities of drugs. The petitioner was Vang's only brother-in-law living at that address. Vang had previously pleaded guilty and did not testify at Thao's trial.

On August 25, 2006, the jury convicted Thao on all counts. Thao moved for a judgment of acquittal or a new trial. The motion was denied. On June 28, 2007, the Court sentenced defendant to 132 months' imprisonment. Petitioner timely appealed his conviction,

the denial of his motion for a judgment of acquittal, and the denial of a new trial. On June 16, 2008, the Eighth Circuit Court of Appeals affirmed the judgment and order. United States v. Thao, 281 Fed. Appx. 635, 638 (8th Cir. 2008) (unpublished per curiam).

On September 8, 2009, Thao filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [Docket No. 131.]

II. Analysis

A § 2255 motion is not a substitute for a direct appeal. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Even errors which might justify reversal on direct appeal do not necessarily support a collateral attack on a final conviction. See id. A federal prisoner cannot raise nonconstitutional and nonjurisdictional claims in a § 2255 motion if the issues could have been - but were not - raised on direct appeal. Id.

A defendant who fails to object to or raise an issue on direct appeal may only excuse his procedural default if he or she can demonstrate cause and actual prejudice, or alternatively, can show actual innocence. See Bousley v. United States, 523 U.S. 614, 623 (1998). "Cause" and "actual prejudice" requires a showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982)(emphases omitted). "Actual innocence" requires a

3

showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotations omitted).

Thao has submitted an extensive array of material. It is fair to say much of it is not a model of clarity. But even giving his material a most charitable reading, it is clear that, with the exception of his claim of ineffective assistance of counsel, all issues either were, or could have been, raised on direct appeal. As a result they are procedurally defaulted.

A jury convicted Thao based on evidence full-sufficient to convict him; accordingly, petitioner cannot show he is "actually innocent." Nor has he shown the claimed flaws at his trial worked to his actual and substantial disadvantage. The Court has no hesitation in stating they do not rise to the level of constitutional error. There is, therefore, no basis for the Court to excuse his procedural default and directly consider the issues he raises in his § 2255.

The Court, then, considers the only issue properly before it: Thao's claim that his attorney, at trial and on appeal, provided ineffective assistance of counsel.

A. Thao's Counsel Provided Effective Representation

To prevail on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The Court's review is deferential; it presumes counsel is competent, and the challenged decisions reflect counsel's strategic choices. Id. at 689. The Court need not inquire into counsel's alleged deficiencies if it finds no prejudice resulted therefrom. Id. at 697.

Petitioner was represented by James Ostgard, an experienced criminal defense attorney, who filed many pretrial motions, represented Thao ably at trial, and filed an appeal on his behalf. Thao claims Ostgard failed to properly investigate the case; failed to appeal specific issues; erroneously joined with the government in a motion to exclude time under the Speedy Trial Act; failed to object to jury instructions, and failed to inform him of a plea negotiation.

The Court finds Thao received a fair trial. Even if Thao's allegations are true, he suffered no prejudice whatsoever from counsel's alleged deficiencies.

### 1. Failure to Investigate

When considering an alleged failure to investigate, the Court considers what effect the proffered evidence would have had on the trial. In determining whether defendant was prejudiced, the Court looks at the totality of the evidence, adding the proffered testimony to the evidence before the jury. Williams v. United

5

States, 452 F.3d 1009, 1013 (8th Cir. 2006). The Court must then "gauge the likely outcome of a trial based on this total body of evidence." Id. To show prejudice from counsel's purported failure to investigate or consult with him, Thao must produce examples of "evidence counsel could have discovered through further investigation or . . . exculpatory information [Thao] could have conveyed to counsel through further consultation." Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997). He must also show the undiscovered evidence would have been sufficient to undermine confidence in the verdict. See Payne v. United States, 78 F.3d 343, 348 (8th Cir. 1996).

In support of his allegations, Thao submits unsworn letters from three of his brothers. [Docket No. 133 at 36-38.] The letters assert Thao's work and family obligations did not leave him with enough time to be involved with a drug conspiracy; that he was "not rich"; that he was in California briefly in December 2005; and that he did not get along with his alleged co-conspirator Vang. The Court finds that, even crediting the letters, they are merely cumulative to the material submitted to the jury: the jury learned where Thao worked, how much money he made, and that he was not at home when the search warrant was executed. The Court finds the letters and California airline tickets are, as a matter of law, insufficient to support an alibi defense.

Petitioner has failed to show a reasonable probability that

the outcome at trial would have been different had Ostgard introduced the proffered testimony and evidence. Thao cannot show prejudice, which dooms his claim that counsel failed to investigate.

   2. Failure to Appeal

Petitioner argues Ostgard was ineffective because his appeal was limited to challenging the sufficiency of the evidence. Thao claims he wanted Ostgard to raise additional issues, such as Fourth, Fifth, and Sixth Amendment challenges; a lack of subject matter jurisdiction; Speedy Trial Act issues; and erroneous jury instructions.

Counsel's choice of issues on appeal is a strategic decision entitled to considerable deference, because "[r]easonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success." Gee v. Groose, 110 F.3d 1346, 1352 (8th Cir. 1997).

To demonstrate prejudice, therefore, Thao must show that the issues he wanted to raise would have succeeded on appeal. Because they are meritless, he cannot.

   a. Fourth Amendment

Petitioner claims the search warrant for his home was not based on probable cause. "The Fourth Amendment right of the people to be secure in their persons . . . against unreasonable searches and seizures generally requires a law enforcement officer to have

probable cause for conducting a search." Safford Unified School Dist. No. 1 v. Redding, 129 S.Ct. 2633, 2639 (2009) (internal quotation omitted).

The search was performed pursuant to a warrant issued by the Honorable Dan Kammeyer of the Anoka County District Court. Vang and Thao moved to suppress the fruits of the search before Magistrate Judge Boylan, who found the warrant "properly and sufficiently identified the location of the search and the items to be seized," and recommended the motion be denied. [Report & Recommendation, Docket No. 43 at 4.] This Court, reviewing the record de novo, adopted the Report & Recommendation and denied the motion to suppress.

Judge Boylan found the warrant application was supported by firsthand information from a confidential informant, who had made a controlled buy at the premises within the previous 72 hours. The informant's testimony established probable cause to believe drugs were being sold out of Thao's residence, making the search warrant lawful. Even if raised on appeal, Thao's Fourth Amendment claim would have failed for lack of merit. His attorney's failure to raise it on appeal caused him no prejudice.

b. Fifth Amendment Due Process

The Court has found no defect in the search itself. Petitioner also challenges the search conduct. He claims the government failed to seize and test certain items, and destroyed

other items he believes would have yielded exculpatory evidence, all in violation of the due process clause of the Fifth Amendment.

"A due process violation occurs whenever the government suppresses or fails to disclose material exculpatory evidence." United States v. Iron Eyes, 367 F.3d 781, 786 (8th Cir. 2004) (internal quotation omitted). However, the failure to preserve "potentially useful evidence" does not violate due process unless bad faith is shown. Id. (internal quotation omitted).

The suppression motion was heard before Judge Boylan. The evidence seized - scales, a safe, a safe key, a shirt, a silver spoon, and a plastic bag - is, at most, "potentially useful" in a drug prosecution, but not exculpatory. In such a case, there must be a showing of bad faith to establish a due process violation.

Judge Boylan found no bad faith. He found the officers conducting the search reasonably chose to photograph, rather than seize, items which were not contraband. He also found "the scales were discarded within a couple of days following the search" due to "police inventory space limitations." Because the officers' decision to destroy the scales and to photograph the other items was based on "storage considerations," and "not for any case-related evidentiary reason," and because the exculpatory value of the evidence was speculative, Judge Boylan found no due process violation. [Docket No. 43 at 3.] Petitioner's motion does not allege bad faith, and offers no evidence to support such an

allegation.

Therefore, the Court finds petitioner's Fifth Amendment due process challenge meritless. Counsel's failure to raise a meritless claim on appeal did not prejudice Thao, and does not support an ineffective assistance claim.

### c. Speedy Trial Violation

Thao complains his counsel failed to appeal and claim a denial of his right to a speedy trial. Petitioner was not brought to trial within 70 days. The Speedy Trial Act "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance." Zedner v. United States, 547 U.S. 489, 492 (2006), citing 18 U.S.C. § 3161(c)(1).

However, time the Court spends considering and ruling on pretrial motions does not count toward the 70-day total. 18 U.S.C. § 3161(h)(1)(D), (H). Both Thao and the government filed numerous motions; that time is properly excluded.

On August 1, 2006, the parties jointly moved for a three-week continuance of the trial. The Court made record findings that a continuance served the ends of justice and outweighed the public's interest in a speedy trial. [Docket Nos. 55, 56.] This time also does not count toward the 70-day total. See 18 U.S.C. § 3161(h)(7)(A).

Subtracting the intervals properly excluded, this claim fails because Thao was timely brought to trial. The Speedy Trial Act was

not violated.  Indeed, Thao faced significant evidence against him, and additional time to prepare his defense likely worked in his favor.  Accordingly, counsel's decision to join with the government in moving for a continuance and not to argue a Speedy Trial Act violation on direct appeal did not prejudice Thao.

          d.   <u>Sixth Amendment Right to Confrontation</u>

Next, Thao argues counsel failed to appeal a claimed violation of his Sixth Amendment right to confrontation.

The Sixth Amendment provides that in all prosecutions, "the accused shall enjoy the right to be confronted with the witnesses against him," as well as the right "to have compulsory process for obtaining witnesses in his favor."  U.S. Const. Amend. VI.  "A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." <u>Melendez-Diaz v. Massachusetts</u>, 129 S. Ct. 2527, 2531 (2009).

Petitioner claims he was denied his right to confrontation when his brother-in-law, Teng Vang, did not testify at his trial.[1]  He is correct:  the government did not call Vang as a witness.  Thao neglects to note that he, also, had the right and opportunity to call Vang.  He simply declined to do so.  The Sixth Amendment

---

[1] As an exhibit to his motion, Thao offers an unsworn "confession" purportedly signed by Teng Vang stating that all of the money and methamphetamine seized in the search, even that found in Thao's bedroom, belonged to Vang. [Docket No. 133, Exhibits at 16.]

11

gives a defendant the right to call any witness who is "physically and mentally capable of testifying to events he had personally observed, and whose testimony . . . [is] relevant and material to the defense." See Washington v. Texas, 388 U.S. 14, 23 (1967).

Because Thao had the opportunity to compel Vang to testify at his trial and chose not to do so, there is no Sixth Amendment violation. An appeal claiming such a violation would be meritless, and thus, Thao has suffered no prejudice by counsel's failure to raise it.

Thao also suggests counsel's failure to call Vang and other members of Thao's family deprived him of a fair trial. However, a defendant is not prejudiced by his counsel's failure to call witnesses, absent some showing the witnesses' testimony would have been favorable. See United States v. White, 341 F.3d 673, 680 (8th Cir. 2003) (defendant not prejudiced where uncalled witnesses would have presented contradictory or inculpatory testimony). Given that Vang had previously implicated Thao in his recorded statement, a decision against calling Vang is well within the bounds of reasonable trial strategy.

Even assuming Vang and petitioner's brothers would have testified in conformity with their recent unsworn statements, there is no basis to conclude this testimony, when added to the rest of the evidence, would have changed the outcome at trial. Its absence does not render the proceedings fundamentally unfair. Thao's claim

of uncalled witnesses, all clearly subject to his subpoena, does not demonstrate ineffective assistance.

### e. Lack of Subject Matter Jurisdiction

Petitioner complains of his counsel's failure to challenge the Court's subject matter jurisdiction.

Title 18, United States Code, § 3231, vests in the district courts jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231; see also United States v. Rosnow, 977 F.2d 399, 412 (8th Cir. 1992) (per curiam). Thao was charged with violating 21 U.S.C. §§ 2, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846, all federal statutes. [Docket Nos. 1, 57.] The federal charges levied against Thao conferred subject matter jurisdiction upon this Court.

This claim is utterly meritless. It does not raise any question of ineffective assistance.

### f. Jury Instructions

Petitioner claims his counsel was ineffective in failing to object to jury instructions 6, 11, 12, 13, 14, 18, 21 and 22, the supplemental instruction, and the special verdict form. He contends the jury should have been instructed to find more details about specific elements of the charges, although he cites no authority in support of his position. Petitioner is wrong. A district court is afforded "wide discretion" in drafting jury instructions, and the instructions will be affirmed "if the entire

13

charge to the jury, when read as a whole, fairly and accurately contains the law applicable to the case." United States v. Blazek, 431 F.3d 1104, 1109 (8th Cir. 2005).

Six of the challenged jury instructions were patterned after Eighth Circuit Model Criminal Jury Instructions 4.06 (testimony of informer), 3.06 (indictment), 6.21.846A (elements of conspiracy), 6.21.841A (elements of distribution of methamphetamine), 7.05 (intent or knowledge), and 5.01 (aiding and abetting). The remaining two instructions set forth the charges in the superseding indictment, and the relevant statutory text.

The supplemental instruction and special verdict form directed the jury to make specific findings as to the drug quantity. Thao appears to be concerned because the special verdict form directed the jury to find specific quantities of "methamphetamine mixture," while the supplemental jury instruction referred simply to "methamphetamine." However, he cites no law, and this Court is aware of none, supporting his view that adding the word "mixture" makes the instructions misleading. The jury's drug quantity determinations were used to determine Thao's sentence.

These instructions, both individually and taken as a whole, fairly and accurately define the law applicable to the case. Any objection to them would have been properly overruled, and if they had been appealed, they would have been affirmed. Thao has failed to show any prejudice from counsel's failure to object to these

instructions or challenge them on direct appeal.

        g.   <u>Sentence</u>

Petitioner claims his counsel was ineffective for failing to appeal his sentence.

It appears petitioner thinks his sentence is unlawful because the jury found he possessed a quantity of "methamphetamine mixture," when the superseding indictment charged possession of "methamphetamine." This concern is insubstantial. Thao was sentenced based on the jury's finding him responsible for at least 50 grams, but fewer than 150 grams, of methamphetamine mixture. Under the Sentencing Guidelines, this renders a base offense level of 30. Petitioner's total offense level was found to be 29, and he fell into criminal history category IV, yielding a presumptive sentence range of 121-151 months. Petitioner was sentenced to 132 months' imprisonment, the middle of the range. The sentence was based on the quantity of methamphetamine found by the jury at trial.

This sentence was reasonable, and as petitioner was placed in the middle of the applicable Guideline range, there was an extraordinarily small chance of any modification on appeal. There is no showing of ineffective assistance in this instance.

        3.   <u>Failure to Convey a Plea Offer</u>

Thao argues Ostgard was ineffective for a claimed failure to convey a plea offer. "The failure to inform a defendant of a

15

favorable plea agreement . . . is a viable ineffective assistance of counsel claim when a defendant can prove that but for counsel's deficient performance, he would have accepted the plea agreement." United States v. Castro, 365 Fed. Appx. 966, 967 (10th Cir. 2010).

Petitioner's problem, however, is his failure to support this claim with evidence. He has submitted a letter dated July 28, 2006, from the government to Ostgard, which he claims contains a plea offer. It does not contain such an offer; rather, it discloses Brady material, and invites Ostgard to contact the government if Thao is interested in pleading guilty before a superseding indictment is filed. [Docket No. 133 at 5.] Since there is no evidence a plea offer was actually made, Thao has failed to raise an issue of fact as to whether Ostgard's alleged failure to convey such an offer caused him actual prejudice.

On review, the Court finds petitioner has failed to produce any evidence showing his counsel rendered ineffective assistance either before, during, or after trial; he has suffered no prejudice from any of Ostgard's alleged errors. Where a defendant suffers no prejudice, the Court need not address counsel's competence, see Williams, 452 F.3d at 1014, and the Court declines to do so here.

B. Evidentiary Hearing and Certificate of Appealability

Conclusory assertions do not create an issue of fact in a Section 2255 motion. See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). A petition can be dismissed without a hearing

16

if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). The Court finds defendant's allegations to be either conclusory or contradicted by the record. Accordingly, the motion is denied.

The Court has also considered the question of a Certificate of Appealability. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). The Court concludes that no issue raised in this motion is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Thao has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a Certificate of Appealability. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, IT IS ORDERED that defendant's motion to vacate, set aside, or correct his sentence [Docket No. 131] is denied. Defendant's motions "for cause and prejudice" [Docket No. 135], for release on bail [Docket Nos. 144, 171], for a new trial based on Rule 33 [Docket No. 169], are denied. Defendant's motion to amend or supplement his § 2255 motion [Docket No. 140] is granted, and the Court has considered the additional

17

materials he has submitted.

   IT IS SO ORDERED.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 12, 2010

                                    s/ JAMES M. ROSENBAUM
                                    JAMES M. ROSENBAUM
                                    United States District Judge