## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-62 (2) (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| PENG THAO, | |
| Defendant. | |

John R. Marti, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Peng Thao, No. 12790-041, FCI - Englewood, 9595 West Quincy Avenue, Littleton, CO 80123, *pro se*.

On August 25, 2006, defendant Peng Thao was convicted by a jury of conspiracy to distribute and possess with intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (Docket No. 74.)  He moves for reconsideration of his sentence pursuant to Federal Rule of Civil Procedure 59(e) after already filing a petition for habeas corpus under 28 U.S.C. § 2255 and appealing its denial.  Since the Court finds Thao's current motion simply restates the relief he requested and was denied in his first habeas petition, the Court denies the motion.

## ANALYSIS

A Rule 59(e) motion serves the limited function of correcting "manifest errors of fact or law or to offer newly discovered evidence . . . ." *Casaneira v. Ligtenberg*, 262 Fed. Appx. 726, 726 (8th Cir. 2008). Such a motion cannot be used to introduce evidence that was available prior to entry of judgment but was not proffered, to re-litigate old issues, to advance new theories, or to secure a rehearing on the merits. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *Karriem v. United States*, No. 00-213(1), 2003 WL 22076585, at *1 (D. Minn. Aug. 25, 2003).

Thao presents five issues for reconsideration in his motion. First, Thao argues the lack of a transcript of the proceeding in which the judge issued a search warrant prevented the Court from fairly adjudicating his claims of no probable cause. However, Thao previously argued the issue of probable cause and was denied relief on this ground in his previous habeas petition under 28 U.S.C. § 2255. (Order at 7-8, Docket No. 173.) Since the absence of a transcript would have been discoverable at that time, it does not offer grounds for review under Rule 59(e). Second, Thao argues the jury found him guilty of a different charge than that listed in the indictment. Again, this argument was raised and denied in Thao's § 2255 motion. (*Id.* at 13-15.) Therefore, this issue does not offer grounds for reconsideration of Thao's sentence under Rule 59(e).

Thao's third and fourth assertions are that in its disposition of his habeas petition, the Court did not properly rule on his ineffective assistance of counsel claims and whether he was entitled to an evidentiary hearing, thereby entitling him to a

reconsideration of his sentence. However, Thao has appealed the § 2255 order to the Court of Appeals, therefore depriving this Court of jurisdiction to reconsider it. *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) ("As a general rule, the filing of a timely and sufficient notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and after such filing the district court is without jurisdiction to proceed further in the case . . . ."). Furthermore, even if the Court were not divested of jurisdiction, re-litigating issues previously decided is not a proper ground for Rule 59(e) relief.

Thao's fifth assertion is that his Rule 33 motion should not have been construed with his § 2255 motion. A review of the § 2255 order indicates that the Court did not "construe" the two motions as one; rather, the Court simply disposed of both motions in one order. As a result, the Court declines to reconsider Thao's sentence on that basis as it is neither manifestly contrary to law nor newly discovered evidence. Therefore, the Court denies Thao's motion for reconsideration.

Furthermore, the Eighth Circuit has established that "inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). As such, this Court reclassifies the 59(e) Motion as a successive § 2255 motion, for which Thao failed to obtain authorization to file from the Court of Appeals. In these circumstances, the Court can either transfer the motion to the Court of Appeals or dismiss it for filing the motion with lack of authorization. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Court finds that dismissal is

appropriate. *See Lindsey v. United States*, No. 4:09CV00267, 2011 WL 304589, at *1 (E.D. Mo. Jan 28, 2011).

### CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide the issues raised in this § 2255 motion differently. For this reason, the Court concludes that Thao has failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

### ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [Docket No. 179] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

DATED: April 27, 2011  
at Minneapolis, Minnesota.

                                                s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                               United States District Judge